**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ALBERT ROBERTS, | : | |
| | : | Civil Action No. 14-8095 (JMV) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| KENNETH NELSON *et al.*, | : | |
| | : | |
| Respondents. | : | |

APPEARANCES:

Albert Roberts
Bayside State Prison
P.O. Box F-1
Leesburg, NJ 08327
    Petitioner, *pro se*

Stephanie Paige Davis-Elson
Hudson County Prosecutor's Office
595 Newark Avenue
Jersey City, NJ 07306

**VAZQUEZ**, District Judge

    This matter comes before the Court upon the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by Petitioner Albert Roberts ("Roberts"), an inmate confined in Bayside State Prison, in Leesburg, New Jersey. (ECF No. 1.) Roberts raises one ground for relief in his petition, alleging he is being held beyond his maximum term in violation of the Eighth Amendment. (*Id.*, ¶12.)[1] Respondents filed an answer to the petition on February 20, 2015. (ECF

---

[1] According to the NJ DOC Offender Search Engine, Roberts, whose SBI No. is 525227B, was admitted into custody on June 25, 1999, and he was "out of custody" on January 1, 2017. Available at https://www20.state.nj.us/DOC_Inmate/inmatesearch.jsp. However, the search engine also indicates that Roberts' current facility is "ROBINS-GYCF"), and his current maximum release

No. 8.) Respondents oppose habeas relief, asserting that Roberts has not raised a cognizable habeas claim, and in any event, he has not been held beyond his maximum term. (*Id.* at 23-25.) Roberts indicates that the NERA (New Jersey's No Early Release Act) sentencing provision provides that the 85% NERA sentence is the "ceiling" of the entire sentence. (ECF No. 9 at 2.) Thus, his sentence is "85% of 20 years with 5 yrs parole." (*Id.*)

I. DISCUSSION

    A.    The Parties' Arguments

Roberts seeks immediate release from prison, based on the following facts alleged in support of his petition:

> On December 15, 2006, in light of the Supreme Court decision in State v. Pierce [188 N.J. 155 (2006)], Hudson County Superior Court Judge Camille M. Kenny, J.S.C. resentenced Petitioner in the above matter and issued an amended judgment of conviction. This is a 1997, pre-NERA amendment case. When applying pre-amendment NERA to an extended term, the parole ineligibility must be limited to 85% of the ordinary term. State v. Meekins II, 180 N.J. 321, 322 (2004). In the instant case, the parole board decided to require defendant [Roberts] to max out on the entire 30 year extended sentence. Afterwards, Petitioner is also required to serve an additional five-year parole supervision. According to NJSA 2C:43-7.2(c), the term of parole supervision shall commence upon the completion of the sentence incarceration imposed by the court pursuant to subsection A.
>
> The Department of Corrections has elected to ignore and override the Amended Judgment of Convictions in the present case. Therefore, purposefully subjecting the Petitioner to suffer, while being forced to remain incarcerated, and to undergo cruel and unusual punishment, in violation of the 8th Amendment, of the U.S. Constitution. According to state statute, and the Amended Judgment of Conviction, Petitioner should have been release[d] on parole on September 16, 2014, at the expiration of the NERA imposed sentence with 5 yr parole supervision.

---

date is "N/A."

2

(Mem., ECF No. 1-1 at 1-2.)

Roberts submitted the December 15, 2006 Amended JOC, underscoring that "Defendant must serve 85% of the First Twenty Years of Count 1 with Five (5) Years Parole Supervision Upon Release." (ECF No. 1-2 at 1.) The Court construes Roberts' claim as a challenge to the calculation of his sentence by the New Jersey Department of Corrections, rather than as a challenge to the parole board decision.

Respondents do not dispute that the controlling JOC, dated December 15, 2006, instructs that Roberts was sentenced as follows:

> Count 3 is merged into Count 1. NJDC of a Period of 30 years for Count 1, and Five (5) years for Count 4. All Counts are to run concurrent with each other. Defendant must serve 85% of the first twenty years of Count 1 with Five years Parole supervision upon release. . . . Total Custodial Term 30 YEARS

(ECF No. 8-30 at 1-3.)

B. <u>Analysis</u>

1. <u>Jurisdiction</u>

In *Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001), the Third Circuit Court of Appeals held that 28 U.S.C. § 2254 confers broad jurisdiction to hear the petition of any state prisoner 'in custody in violation of federal law." Therefore, the court in *Coady* held that it was unnecessary to proceed under the more general Section 2241 habeas petition in order to consider a state prisoner's challenge to the execution of his sentence. *Id.* at 486. "[W]henever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). Thus, this Court has jurisdiction under Section 2254 to determine whether the New Jersey Department

3

of Corrections has held Roberts beyond the maximum term of his sentence. *See also Chavarriaga v. Lanigan*, Civ. Action No. 12-7700(MAS), 2013 WL 276185 (D.N.J. Jan 24, 2013) (finding jurisdiction under Section 2254 to state prisoner's challenge to calculation of sentence).

2. Sentence Calculation

When Roberts was originally sentenced on June 25, 1999, N.J.S.A. 2C:43-7.2(a)[2] provided that:

> a. A court imposing a sentence of incarceration for a crime of the first or second degree shall fix a minimum term of 85% of the sentence during which the defendant shall not be eligible for parole if the crime is a violent crime as defined in subsection d. of this section.

On December 15, 2006, Roberts was resentenced to a 30-year extended-term of imprisonment. (ECF No. 8-30 at 2.) Pursuant to *State v. Pierce*, 188 N.J. 155, 169 (2006), NERA was applied only to the first twenty years of Roberts' sentence. (*Id.* at 1.) Therefore, Roberts was required to serve seventeen years *before he became eligible for parole. See Gully v. Hoffman*, Civil Action No. 12-1074 (SDW), 2015 WL 6502093, at *9 (D.N.J. Oct. 27, 2015) (finding petitioner, who was subject to an 85% parole disqualifier, "effectively requires that he serve seventeen years of his twenty year sentence before he is eligible for parole"); *see* N.J.S.A. 2C:43-7.2 (effective June 9, 1997) ("[t]he term of parole supervision shall commence upon the completion of the sentence of incarceration imposed by the court pursuant to subsection a. of this section . . .")

Roberts submits that he was sentenced on June 25, 1999, with 648 days of jail credit, making him eligible for parole on September 16, 2014. However, he conflates his parole eligibility date with his maximum release date, arguing that the 85% NERA sentence is the "ceiling" of the

---

[2] N.J.S.A. 2C:43-7-2; L. 1997, c. 117, § 2, eff. June 9, 1997.

entire sentence. (ECF No. 9 at 2.) A parole eligibility date is not equivalent to the maximum term of imprisonment. A parole eligibility date, which can be set by a judge at sentencing, is a minimum term of imprisonment that a defendant must serve before he can be considered for parole. *Lorenzo v. Edmiston*, 705 F.Supp. 209, 211 (D.N.J. Jan. 25, 1989); *see New Jersey State Parole Bd. v. Gray*, 200 N.J. Super 742, 744 (App. Div. 1985) (noting the petitioner was not automatically entitled to release on the date he became eligible for parole.) However, a prisoner has no right of automatic release when he becomes eligible parole. Here, the maximum term of imprisonment is thirty years, and Roberts has not been held beyond that term.

II. CONCLUSION

For the reasons discussed above, the habeas petition is denied.

III. CERTIFICATE OF APPEALABILITY

The district court must determine whether a petitioner is entitled to a certificate of appealability in a § 2254 habeas proceeding. *See* Third Circuit Local Appellate Rule 22.1 (the Third Circuit "will not act on a request for a certificate of appealability (COA) unless the district court has denied a COA.") A district court should issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Based on the discussion in this Opinion, Roberts has not made a substantial showing of denial of a constitutional right, and this Court will not issue a certificate of appealability. An appropriate Order follows.

Dated: November 29, 2017
At Newark, New Jersey

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge
